**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SUSAN A. BENNETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 11-24 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | Magistrate Judge Cathy Bissoon[1] |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

### I.   MEMORANDUM

Pending before the Court is Defendant United States of America's Motion to Dismiss

(Doc. 5).  For the reasons stated herein, the Court will grant Defendant's motion.

**BACKGROUND**

#### A.  Factual Background

Plaintiff Susan A. Bennett brought claims under the Federal Tort Claims Act ("FTCA")

and Privacy Act, 5 U.S.C. § 552a, against Defendant United States of America.  Plaintiff, a

physician's assistant, alleges that Defendant negligently attributed fault to Plaintiff in reporting a

medical malpractice settlement in the Medical Malpractice Payment Report Database.  See Am.

Compl. (Doc. 2).

Plaintiff was employed at the Veterans Affairs ("VA") Medical Center in Pensacola,

Florida from 1998 through January 2004.  Id. at ¶¶ 6-8.  The settlement of a medical malpractice

claim by one of Plaintiff's patients against the VA was entered on a Medical Malpractice

Payment Report ("Report") on December 20, 2007.  Id. at ¶¶ 11-15.  The Report attributed fault

---

[1]   By consent of the parties, the undersigned sits as the District Judge in this case.  See Consent
forms (Docs. 8, 9).

to Plaintiff, which Plaintiff alleges is contradicted by the record from the underlying medical malpractice lawsuit. Id. at ¶¶ 15-16.

Plaintiff learned of the Report no later than February 6, 2008, when she attempted to have Defendant correct the allegedly incorrect information in the Report. Id. at ¶ 20. On June 17, 2010, Plaintiff presented her FTCA claim to the appropriate agency. Id. at ¶ 3. The claim was denied, and Plaintiff instituted this action on January 21, 2011. Id. Because the Medical Malpractice Payment Report Database is consulted by employers and patients to obtain information concerning competence of medical practitioners, Plaintiff allegedly has suffered a negative impact on her reputation, career opportunities and earning potential. Id. at ¶¶ 19, 21.

### B. Procedural Background

Defendant moves to dismiss both the FTCA claim and the Privacy Act claim as barred by the applicable statutes of limitations. Defendant also argues that it is entitled to sovereign immunity with respect to the FTCA claim. Def.'s Br. (Doc. 6).

In response, Plaintiff argues that her FTCA claim is not barred by the statute of limitations and that Defendant is not entitled to sovereign immunity. Pl.'s Br. (Doc. 11). Plaintiff consents to dismissal of the Privacy Act claim. Pl.'s Reponse (Doc. 10).

### ANALYSIS

Under the FTCA, "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . ." 28 U.S.C. § 2401(b). Both parties agree that Plaintiff's claim accrued no later than February 6, 2008, when Plaintiff submitted a statement to the VA seeking to correct the alleged error in the malpractice settlement Report. Pl.'s Br. at 3 (Doc. 11). Thus, the two-year period for Plaintiff to have presented her claim to the appropriate agency expired on February 6, 2010.

Both parties also agree that Plaintiff did not present a complete claim to the VA until

June 17, 2010.  Id.  Plaintiff argues that her administrative claim nonetheless was timely because

her attorney sent a letter to the VA on September 25, 2009, and that letter satisfied all the

requirements of an administrative tort claim except for stating a "sum certain" for damages.[2]  Id.

The VA responded to the September 25, 2009 letter on June 3, 2010, and Plaintiff's attorney

submitted a complete administrative tort claim, including a sum certain, on June 17, 2010.  Id.

Plaintiff argues that a plaintiff who presents a timely, but deficient administrative claim, which is

then corrected after the expiration of the two-year limitations period, should be deemed to be in

compliance with the two-year limitations period of 28 U.S.C. § 2401(b).  Id. at 3-4.  Defendant

responds that the September 25, 2009 letter was not an administrative tort claim.  Def.'s Reply at

2 (Doc. 13).

The Court agrees with Defendant.  The September 25, 2009 letter sought a revision to the

malpractice settlement Report and did not present a "tort claim" to the VA.  The letter opens with

Plaintiff's attorneys setting forth a limited scope of representation:

> The law firm of Beggs & Lane has the pleasure of representing
> Ms. Susan Bennett with respect to her appeal of a report by your
> office to the National Practitioners Data Bank ("NPDB") wherein
> she was listed as the culpable party.  Ms. Bennett has retained us to
> remove her name from the database.

Doc. 12-1 at 1.  The letter does not seek any monetary recovery – whether in a "sum certain" or

in an unidentified amount.  The letter instead only requests revision to the VA's

"recommendation to the National Practitioners Data Bank."  Id. at 10.  The letter does not

identify any particular tort, and does not mention the FTCA.  Although the letter makes vague

---

[2]   The September 25, 2009 letter was attached as an exhibit (Doc. 12-1) to Plaintiff's Response, but was not mentioned in Plaintiff's Amended Complaint.  The Court nevertheless will consider the letter to determine whether amendment of the Amended Complaint would be futile.

references to potential litigation and "further legal action" and notes that the Report "has impeded [Plaintiff's] career and negatively impacted her earning potential," id. at 4, 10, nothing in the letter presents a "tort claim" for the VA's consideration.

Even if Plaintiff is correct that the September 25, 2009 letter presented a "claim" to the VA with all information except for a "sum certain," Plaintiff provides no valid justification to excuse strict compliance with the statute of limitations. Equitable tolling of statutes of limitations is extended "only sparingly" and does not "extend to what is at best a garden variety claim of excusable neglect." Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990).

Because Plaintiff's FTCA claim is barred by the statute of limitations, the Court need not consider Defendant's argument on sovereign immunity.

**CONCLUSION**

For all of the reasons stated above, Defendant United States of America's Motion to Dismiss (Doc. 5) is granted.

## II.   ORDER

For the reasons stated above, the Court hereby **ORDERS** that Defendant United States of America's Motion to Dismiss (Doc. 5) is **GRANTED**. Because Plaintiff's claims clearly are barred by the applicable statutes of limitations, Plaintiff's Amended Complaint (Doc. 2) is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

s/ Cathy Bissoon
Cathy Bissoon
U.S. Magistrate Judge

April 25, 2011

cc (via e-mail):

All counsel of record.